# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

FILED
2009 NOV -9 P 1:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, ) ) ) ) | |
| PLAINTIFF, ) ) | CASE NO: _____ |
| vs. ) ) | |
| EXCELSIOR CONSTRUCTION, INC., an Alabama Corporation, PACE PROPERTIES, LLC, a Florida limited liability company, f/k/a QUINTETTE ROAD, LLC, ) ) ) ) ) ) ) | CV-09-BE-2278-S |
| DEFENDANTS ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Pennsylvania National Mutual Casualty Insurance Company (hereinafter "Penn National") and asserts the following Complaint for Declaratory Judgment.

1.  Penn National is a corporation engaged in the insurance business and incorporated in the state of Pennsylvania with its principal place of business in the state of Pennsylvania. It is licensed to conduct insurance business in the state of Alabama.

2. Defendant, Excelsior Construction, Inc., (hereinafter "Excelsior"), is an Alabama corporation with its principal place of business in Birmingham, Jefferson County, Alabama. At all times relevant to this suit, Excelsior was conducting business in Jefferson County, Alabama.

3. Defendant, Pace Properties, LLC (hereinafter "Pace"), is a Florida limited liability company, f/k/a Quintette Road, LLC. Its registered agent is Stephen Moorehead, a resident of Florida. Its members are, upon information and belief, Milton Rogers, Stephen Moorhead, and J. Collier Merrill, all of whom are residents of the State of Florida.

## JURISDICTION

4. This court has diversity of jurisdiction over the issues herein pursuant to 28 U.S.C. § 1332 because the citizenship of Plaintiff and Defendants is diverse and the amount in controversy exceeds $75,000.00.

5. Furthermore, jurisdiction is invoked pursuant to 28 U.S.C. § 2201 which provides that "in a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested parties seeking such declaration, whether or not further relief is or could be sought."

## FACTUAL ALLEGATIONS

6. Penn National issued a general liability policy of insurance insuring Excelsior with effective dates of July 1, 2007 to July 1, 2008, bearing Policy No: CL90624157 A true and correct coy of that policy is attached hereto as Exhibit "A." That policy was issued to Excelsior in Alabama.

7. In or around May 30, 2006, Excelsior entered into an agreement/contract to perform work on property located in Santa Rosa, Florida.

8. On or about April 5, 2008, there was allegedly a significant storm that crossed the area resulting in approximately eight and one-half inches of rainfall within a twelve hour period. During this time, a portion of the berm broke away, allegedly allowing water settlement to flow into wetlands that were adjacent to a pond allegedly built by Excelsior.

9. On or about July 7, 2008, Excelsior allegedly recorded a Claim of Lien regarding the work that had been at issue. Pace Properties is disputing that lien.

10. On or about July 11, 2008, Pace Properties filed a Complaint against Excelsior Construction in the Circuit Court of Santa Rosa, County, Florida. An Amended Complaint was subsequently filed on July 24, 2008, by Pace Properties alleging counts for discharge of claim of lien, fraudulent claim of lien, slander of title and breach of contract. That suit was filed in the Circuit Court in and for Santa Rosa

County, Florida, Case No. 09-1068 CA. (See Pace Properties, LL's First Amended Complaint, attached hereto as Exhibit "B")

11. In July 2008, Excelsior submitted a claim for coverage to Penn National under the policy of insurance issued by Penn National.

12. The causes of action and damages alleged by Excelsior are not covered under the terms of the policy issued by Penn National. Additionally, there are specific exclusions, including, but not limited to, the exclusion for expected or intended injury (Exclusion 2.a. under Coverage A), the exclusion for contractual liability (Exclusion 2. b, under Coverage A); the exclusion for "Damage to Property" (Exclusion 2.j., under Coverage A); the exclusion for "Damage to Your Work" (Exclusion (2.l., under Coverage A); the exclusion for "Damage to Impaired Property or Property Not Physically Injured" (Exclusion 2.m., under Coverage A); the exclusion for "Recall of Products, Work, or Impaired Property" (exclusion 2.n., under Coverage A); the exclusion for knowing violation of rights of another (Exclusion 2.a., under Coverage B); the exclusion for material published with knowledge of its falsity, (Exclusion 2.b., under Coverage B); the exclusion for criminal acts (Exclusion 2.d., under Coverage B); the exclusion for contractual liability (Exclusion 2.e., under Coverage B); the exclusion for breach of contract (Exclusion 2.f under Coverage B); the exclusion for

"Quality or Performance of Goods - failure to Conform to Statements" (Exclusion 2.g., under Coverage B); the exclusion for "Wrong Description of Prices" (Exclusion 2.h., under Coverage B); the exclusion for pollution (under Coverage a2.f.) which are applicable to the claims and types of damages alleged by the Excelsior and which preclude coverage for those claims and damages.

13.   Furthermore, the general liability policy issued by Penn to Excelsior requires an insured, in the event of an "occurrence, offense, claim or suit" to "see to it that we [Penn National] are notified as soon as practicable of any 'occurrence,' 'or any offense that may result in a claim.

14.   Penn did not receive notice of the incident giving rise to the claim until a month after it had arisen.

15.   The causes of action and damages alleged by Pace are furthermore not covered under the terms of the Additional Insured Endorsement issued by Penn National. Further, there are specific exclusions in that Endorsement that would preclude coverage.

16.   Penn National is providing and participating in the defense of Excelsior under a reservation of rights.

17.   There is a dispute between Penn National and Excelsior as to whether there is a duty on the part of Penn National to indemnify and continue to defend

Excelsior for any judgment that might be rendered against it in favor of Excelsior

18. This dispute of coverage issues is a justiciable controversy which should be resolved by this Court.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Pennsylvania National Mutual Casualty Insurance Company respectfully requests the following relief:

a. That this Honorable Court will take jurisdiction over this cause and will declare what, if any, duties Penn National has to defend, indemnify or pay any judgment under the subject liability insurance policies which may be rendered against Excelsior as a result of the allegations in the lawsuit brought by Pace.

b. That this Honorable Court will render such other, further or necessary relief as Penn National is entitled to in this cause.

Respectfully submitted,

_____
Tommy C. Ritter, Jr. (ASB-5737-E57T)

**ATTORNEY FOR PLAINTIFF:**
PENNSYLVANIA NATIONAL
MUTUAL CASUALTY
INSURANCE COMPANY
TAYLOR RITTER, P.C.

Title Building, Ste. 600
300 Richard Arrington, Jr. Blvd. N.
Birmingham, Alabama 35203
(p) (205) 252-3300
(f) (205) 252-3378
tritter@taylorritter.com


SERVE DEFENDANTS AT:

Excelsior Construction, Inc.
% Registered Agent
Alan Crafton
107 Frankfurt Circle
Birmingham, Alabama 35211

Pace Properties, LLC
4400 Bayou Boulevard, Ste. 4B
Pensacola, Florida 32503